IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY HOFFMAN,

      Plaintiff,                      17cv1273
                                         ELECTRONICALLY FILED
      v.

CITY OF PITTSBURGH BUREAU OF
POLICE, ET AL.,

      Defendants.

## MEMORANDUM OPINION DISMISSING PLAINTIFF'S COMPLAINT

On September 29, 2017, Plaintiff Barry Hoffman filed a Complaint against Defendants Allegheny County Police Department, ("ACPD"). City of Pittsburgh Bureau of Police ("Pittsburgh PD"), Munhall Police Department ("Munhall PD"), and Pennsylvania State Police. Doc. No. 1. Plaintiff raises five claims stemming from a multi-police agency event that left his property severely damaged and in violation of the building code with multiple broken windows, damage to entryways, and tear gas damage. Doc. No. 1. Plaintiff alleges:

- Count I – Taking without just compensation in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution;
- Count II – Violation of due process for deprivation of property pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the U.S. Constitution;
- Count III – Negligence pursuant to 42 P.S. § 8542(b)(1);
- Count IV – Inverse Condemnation for deprivation of property without just compensation (withdrawn by Plaintiff in his Responses); and
- Count V – Taking without just compensation in violation of the Pennsylvania Constitution pursuant to Pennsylvania's Eminent Domain Code, 26 Pa. C.S.A. § 101, *et seq.* (withdrawn by Plaintiff in his Responses).

Doc. No. 1, and Doc. Nos. 29, 31, and 33.

The Court has original jurisdiction over Counts I and II of the Complaint pursuant to 28 U.S.C. § 1331, and, though not specifically alleged in Plaintiff's Complaint, Plaintiff

apparently seeks to invoke the Court's supplemental jurisdiction over his state-law claims in Counts III, IV, and V pursuant to 28 U.S.C. § 1367.

The Pennsylvania State Police moved to dismiss Plaintiff's Complaint, doc. no. 12, and Plaintiff voluntarily dismissed that Defendant from the case. Doc. No. 17. Now pending before the Court are Motions to Dismiss by the remaining Defendants, ACPD, Pittsburgh PD, and Munhall PD. Doc. No. 19, Doc. No. 25, and Doc. No. 22. All three remaining Defendants raise similar arguments in their respective motions and Plaintiff filed nearly identical responses to each. *See* Doc. No. 29, Doc. No. 31, and Doc. No. 33. In his Responses, Plaintiff withdraws his Inverse Condemnation and Takings claims in Counts IV and V.

For the reasons that follow, the Court will dismiss Counts I and II of Plaintiff's Complaint, because those claims are not yet ripe for adjudication and will decline to exercise supplemental jurisdiction over Count III of Plaintiff's Complaint, stating a claim for negligence, as the Court has dismissed all claims for which it possessed original jurisdiction. Plaintiff's request for leave to amend his Complaint is denied, as amendment could not cure the deficiencies contained therein that show his federal claims are not yet ripe.

## I. Legal Standards

### 1. *Standing*

"Before a takings claim is ripe, plaintiffs should (subject to certain exceptions) comply with two prudential requirements set forth in the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)." *Knick v. Township of Scott*, 862 F.3d 310, 323 (3d Cir. 2017). First, the "finality rule" requires that a final decision regarding the applicability of any government action to the property at issue was

made, and second, "the plaintiff must seek and be denied just compensation using the state's procedures, provided those procedures are adequate." *Id.*

### 2. *Jurisdiction*

Title 28 United States Code Section 1367 provides that when a district court possesses original jurisdiction over a claim in a civil action, it may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  However, the district court may decline to exercise supplemental jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

**II.     Brief Summary of the Complaint**

Plaintiff's claims are based on events arising on or about October 1, 2015, when James Anthony Carlini ("Carlini") committed a home invasion and kidnapping and was chased by police officers to Plaintiff's property.  Doc. No. 1.  Defendants collectively engaged in efforts to arrest Carlini and deployed multiple tear gas rounds through windows, used police equipment called "the Rook" to enter doors and other openings, and ultimately used a remote controlled robotic device to search for Carlini within the subject property - - discovering that he was deceased.  *Id.*  Plaintiff alleges that Defendants conduct constitutes a taking of his property without just compensation or due process, and that Defendants were negligent in failing to earlier

3

deploy the robotic camera to discover that Carlini was deceased, which could have prevented the extensive damage caused to the property during the standoff. *Id.* The Munhall Code Enforcement Officer has since found the property to be in violation of the building code. *Id.*

### III. Discussion[1]

Pennsylvania's Eminent Domain Code provides "a complete and exclusive procedure and law to govern all condemnation of property for public purposes and the assessment of damages." 26 Pa. C.S.A. § 102. In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the United States Supreme Court held that a plaintiff asserting a takings clause claim must first pursue their claim for just compensation "through the procedures the State has provided for doing so[.]" *Id.* at 194.

The United States Court of Appeals for the Third Circuit applied this holding to a case analogous to the instant action in which homeowners sought compensation following damage done to their homes after a police standoff in 1985 involving the occupants of a neighborhood residence that lasted several days and was finally brought to an end when a police helicopter was used to drop a bomb on the residence. *Chainey v. Street*, 523 F.3d 200 (3d Cir. 2008). The Court of Appeals found that the plaintiffs in *Chainey* could not state a takings claim because they had failed to utilize the procedures available under the Pennsylvania Eminent Domain Code in state court and, therefore, their takings clause claims were not ripe. *Id.* at 222.

Defendants herein all argue that Plaintiff Hoffman similarly needed to avail himself of the procedures available pursuant to the Eminent Domain Code before he may pursue a federal takings clause claim. The Court agrees. Plaintiff's argument in response to the charge that his

---

[1] Because it is unnecessary for the disposition of these Motions, the Court will not address Defendants' arguments that Plaintiff has failed to name the proper entities to be sued pursuant to 42 U.S.C. § 1983, a deficiency that, if found, could be easily cured by amendment of the Complaint.

4

takings claims are not yet ripe is that the Eminent Domain Code provides an "inadequate remedy" because:

> [M]ultiple police forces from multiple localities engaged simultaneously in the taking of Plaintiff's property. The cooperation of multiple entities has resulted in complication, which has resulted in the procedures provided by Pennsylvania being insufficient to provide relief to Plaintiff's claims. Due to the complexity and significant number of police forces from multiple municipalities involved, the resultant claim cannot be properly adjudicated through the administrative process, as there exists no reasonable method to establish the liability as to each entity. As such, Plaintiff's action, in not seeking a resolution through the remedies provided by the PA Eminent Domain Code, is justifiable as there is a lack of clarity on which entity will be held liable under these standards.

Doc. No. 29, Doc. No. 31, and Doc. No. 33 at pp. 3-4.

Plaintiff fails to show how the specific facts of this case, and even the multiple entities involved, are not amenable to the procedure found in the Eminent Domain Code, which provides that "an owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of viewers[,]" and that the petition should substantially conform to the form describe in the statute which includes:

(1) A caption designating the condemnee or displaced person as the plaintiff and the condemnor as the defendant.

(2) The date of the filing of the declaration of taking [if any] and whether any preliminary objections have been filed and remain undisposed of.

(3) In the case of a petition of a condemnee or displaced person, the name of the condemnor.

(4) The names and addresses of all condemnees, displaced persons and mortgagees known to the petitioner to have an interest in the property acquired and the nature of their interest.

(5) A brief description of the property acquired,

(6) A request for the appointment of viewers to ascertain just compensation.

26 Pa. C.S.A. § 502.

An individual in the Plaintiff's position, alleging a property interest was condemned without the filing of a declaration, must also set forth the factual basis of his petition asserting the condemnation. *Id.*

These procedures are not unlike the filing of a complaint in federal court. Nothing in these procedures would prevent a petitioner in Plaintiff's position - - who was unsure of the extent to which any entity was liable for an alleged condemnation - - from simply naming all of the entities he believes had some part in the condemnation. The state court could then, as provided for in the statute, "determine whether a condemnation occurred, and, if the court determines that a condemnation has occurred, the court shall determine the condemnation date and the extent and nature of any property interest condemned" and appoint viewers "to ascertain just compensation." 26 Pa. C.S.A. § 502.

Accordingly, Plaintiff's argument that this case is simply too complex to be brought in state court pursuant to the procedures of the Eminent Domain Code fails. Plaintiff's claims in Counts I and II of the Complaint are not ripe and are therefore dismissed for lack of standing. Because the Court is left only with Plaintiff's state-law negligence claim and has dismissed the claims over which it exercises original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law negligence claim and accordingly Count III of the Complaint is dismissed.

**IV. Conclusion**

For the reasons set forth, Defendants' Motions to Dismiss, doc. no. 19, doc. no. 22, and doc. no. 25, are GRANTED. Plaintiff's claims in Count I and II are DISMISSED for lack of standing because they are not yet ripe; Plaintiff's claim in Count III is DISMISSED for lack of jurisdiction; and Plaintiff's claims in Counts IV and V are DISMISSED as withdrawn by Plaintiff. Plaintiff's request for leave to amend is DENIED because it would be futile.[2] An appropriate Order shall follow.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Court Judge

cc: All ECF Registered Counsel of Record

---

[2] Federal Rule of Civil Procedure 15 instructs courts to allow amendment of pleadings when "justice so requires." However, leave to amend may be denied if the amendment would be futile. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003) (citing *Foman v. Davis*, 371 U.S.178 (1962). In this case, Plaintiff could offer no additional allegations that would cure his standing deficiencies, and therefore his request to amend will be denied.